ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC - 8 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COURT FILE NO. 1:09-CV-3435-JEC

DOUGLAS B. SMITH,

    Plaintiff,

vs.

CREDITORS FINANCIAL GROUP, LLC,
JOHN DOE and JIM ROE,

    Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## JURISDICTION

1.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of debts.

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.    Venue is proper in this district because the Defendants transact business here and the conduct complained of occurred here.

## PARTIES

4.    Plaintiff DOUGLAS B. SMITH is a natural person residing in the State of Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant CREDITORS FINANCIAL GROUP, LLC, (hereinafter "CFG") is a foreign Limited Liability Company authorized to conduct business in the State of Georgia. At all

times material hereto, Defendant CFG was a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant JOHN DOE (hereinafter "DOE") is a natural person whose true and correct name is not further known to Plaintiff at this time, but when ascertained, will be added by way of amendment. At all times material hereto, DOE was employed by CFG and acted as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant JIM ROE (hereinafter "ROE") is a natural person whose true and correct name is not further known to Plaintiff at this time, but when ascertained, will be added by way of amendment. At all times material hereto, ROE was employed by CFG and acted as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. At all times material hereto, all defendants were attempting to collect a past due amount allegedly owed by Plaintiff on a USAA credit card account. The amount was incurred primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or about November 12, 2009, Defendant DOE communicated with Plaintiff by telephone in connection with the collection of the debt. Despite Plaintiff's request, DOE refused to provide meaningful disclosure of his identity. Further, DOE threatened to communicate with Plaintiff's employer regarding the debt.

10. On or about November 12, 2009, Defendant ROE communicated with Plaintiff by telephone in connection with the collection of the debt. ROE identified himself as "Mr. Sergeant". When Plaintiff told ROE that he felt harassed by DOE's threats to contact his

employer, ROE stated that DOE's conduct did not legally constitute a threat because "... it's a federal government card and they can actually release you from the police department because you have to have certain security clearances."

11. During the above described telephone communication, ROE stated: "...the bank will file an injunction with the national attorney network".

12. During the above described telephone communication, ROE stated: "What they'll do is sell the account and after they sell the account they're just going to sue you."

13. During the above described telephone communication, ROE stated that the subject credit card account was a "federal account".

14. During the above described telephone communication, ROE stated that Plaintiff's medical debt owed to a third party would not be used to calculate Plaintiff's credit score. ROE further stated "I really shouldn't be telling you this, but it's really something you don't have to pay. There's nothing they can actually do to you. If you need to go to a hospital they have to still, by law, they have to basically care for you".

15. During the above described telephone communication, ROE stated "The Cox collection account doesn't affect your score either."

16. On or about November 20, 2009, and on additional dates presently unknown to Plaintiff, ROE and/or DOE caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff, and further, blocked their "Caller ID" so as to prevent meaningful disclosure of the caller's identity.

17. On or about November 24, 2009, Defendant DOE communicated with Plaintiff by telephone in connection with the collection of the debt without providing any disclosure

whatsoever of his identity. During that call Defendant DOE said "You better get some money, Doug. That's what I'm telling you. You better find some money."

## COUNT I

### VIOLATIONS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats, realleges, and incorporates by reference paragraphs one through eighteen above.

19. As a result of the acts and conduct described above, Defendants DOE and ROE violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. Defendants' violations include, but are not limited to, the following:

(a) Defendant DOE violated 15 U.S.C. § 1692d(6) by placing telephone calls to Plaintiff without meaningful disclosure of DOE's identity. DOE's conduct also constitutes a violation of 15 U.S.C. § 1692e(10).

(b) Defendant DOE violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken, to wit: threatening to communicate with Plaintiff's employer in violation of 15 U.S.C. § 1692c(b). DOE's conduct also constitutes a violation of 15 U.S.C. § 1692e(10).

(c) Defendant ROE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character or legal status of the debt, to wit: by stating "... it's a federal government card and they can actually release you from the police department because you have to have certain security clearances." ROE's conduct also constitutes a violation of 15 U.S.C. § 1692e(10).

(d) Defendant ROE violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken, to wit: stating "...the bank will file an injunction with the national attorney network", when, in fact, there is no such national attorney network and Georgia law does not provide for injunctive relief in an action on an account. ROE's conduct also constitutes a violation of 15 U.S.C. § 1692e(10).

(e) Defendant ROE violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken, to wit: stating "What they'll do is sell the account and after they sell the account they're just going to sue you." when, in fact, the original creditor would have no legal standing to sue Plaintiff after assigning the account and further, threatening legal action when ROE, who is not an attorney, is unqualified to judge whether legal action will, in fact, be taken. ROE's conduct also constitutes a violation of 15 U.S.C. § 1692e(10).

(f) Defendant ROE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character or legal status of the debt, to wit: by stating the subject account is a "federal account". ROE's conduct also constitutes a violation of 15 U.S.C. § 1692e(10).

(g) Defendant ROE violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect a debt, to wit:

    i. Stating that Plaintiff's unrelated medical debt would not affect Plaintiff's credit score;

      ii.      Stating that Plaintiff did not have to pay his medical debt because "There's nothing they can actually do to you.";

      iii.     Stating that Plaintiff's failure to pay the medical debt would not affect his ability to receive future medical care;

      iv.     Stating that failure to pay an unrelated debt to "Cox" would not affect Plaintiff's credit score.

Each of the foregoing misrepresentations was made with the intent to deceive Plaintiff to pay the Defendants rather than paying Plaintiff's other debts.

(h) Defendants DOE and/or ROE violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff.

(i) Defendants DOE and/or ROE violated 15 U.S.C. § 1692d(6) by blocking their employer's "Caller ID" so as to prevent meaningful disclosure of the caller's identity. DOE's and ROE's conduct also constitutes a violation of 15 U.S.C. § 1692e(10).

(j) Defendant DOE violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse the hearer, to wit: "You better get some money, Doug. That's what I'm telling you. You better find some money."

20.    As a direct result of DOE's and ROE's conduct, Plaintiff suffered actual damages in the form of anger, anxiety, emotional distress, frustration, upset, humiliation, embarrassment, attorney fees and litigation expenses for which Plaintiff makes demand against all named defendants both jointly and severally.

-7-

## COUNT II

### RESPONDEAT SUPERIOR LIABILITY

21. The acts of Defendants DOE and ROE were committed within the course and scope of their employment with Defendant CFG.

22. The acts of Defendants DOE and ROE were incidental to, or of the same general nature as the acts each were authorized to perform by Defendant CFG in collecting consumer debts.

23. By committing such acts, Defendants DOE and ROE were motivated to benefit their principal, Defendant CFG.

24. Defendant CFG is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts done in violation of federal law by its collection employees, including but not limited, to violations of the FDCPA, in their attempts to collect a debt from Plaintiff.

### PRAYER FOR RELIEF

25. The foregoing acts of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

26. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

b. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

c. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

d. For such other and further relief as may be just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to, and respectfully demand, a trial by jury. US Const. Amend. 7, Fed.R.Civ.P. 38.

                                                                        Respectfully submitted,

Dated: December 5, 2009                     **SOUTHEAST CONSUMER LAW GROUP**

                                                                        By: _____
Lawrence A. Silverman, Esq.
Ga. Bar No. 646120
3535 Roswell Rd., Suite 9
Marietta, GA 30062
Telephone: 770-973-2599, Ext. 207
Fax 404-935-5360

Attorney for Plaintiff